CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. VERNON NATHAN LILLY                              DKT. NO. 1:19CR00503-1

### PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Joel R. Nelson, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Vernon Nathan Lilly, who was placed on supervision by the Honorable Kenneth J. Gonzales, sitting in the United States District Court in Las Cruces, New Mexico, on February 17, 2015.  The defendant was sentenced to 376 days of imprisonment or time served, whichever is less, and five (5) years supervised release for an offense of Count 1, Conspiracy to Violate 21 U.S.C. § 841(b)(1)(C), and Count 2, Possession with Intent to Distribute 50 Kilograms and More of Marijuana [Document 1-1]. Supervision commenced on February 17, 2015.

On March 15, 2017, his supervised release was revoked by the Honorable Judge Kenneth J. Gonzalez, and he was sentenced to six (6) months imprisonment to be followed by three (3) years of supervised release for committing the supervision violations of Failing to Refrain from Any Unlawful Use Of a Controlled Substance and Failing to Reside at and Complete a Program at a Residential Reentry Center [Document 1-2].  On May 25, 2017, supervised release commenced in the District of Colorado.

On August 6, 2019, his supervision was again revoked by the Honorable Judge Kenneth J. Gonzalez and he was sentenced to six (6) months imprisonment to be followed by two (2) years of supervised release for committing the supervision violations of Purchase, Possess, Use, or Administer a Controlled Substance, Fail to Submit to Substance Abuse Testing, Failure to Notify Probation Officer at Least 10 Days Prior to Changing Address, Committing another Federal, State, or Local Crime, and Unlawfully Possessing a Controlled Substance [Document 1-3].  On October 25, 2019, supervised release commenced in the District of Colorado, and is set to expire on October 24, 2021.

On December 4, 2019, jurisdiction was transferred to the District of Colorado and assigned to Your Honor.  As noted in the revocation judgment [Document 1-3], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 27, 2020, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On January 27, 2020, the defendant admitted to using marijuana over the holiday season to cope with the stress of being unemployed.  As a response, the probation officer spoke to him about his employment opportunities and directed him to participate in substance abuse testing and treatment.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 19, 2020, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On February 19, 2020, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant initially admitted to using marijuana approximately two days prior to the test.  He also admitted to not attending his random substance abuse tests because he had been using marijuana and did not want to get a positive test.  This specimen was sent to the national laboratory for analysis and confirmation.  The national laboratory confirmed that the test was positive for marijuana and methamphetamine.  The defendant later admitted to using methamphetamine the day before the test because he was stressed out over not having a job.  As a response, the defendant was continued in random substance abuse testing and treatment.

3. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED**

On or about July 13, 2020, the defendant was directed to report to the probation officer on July 16, 2020, and he failed to so report, which constitutes a Grade C violation of supervised release.

On July 13, 2020, a home contact was conducted at the defendant's residence.  The probation officer attempted to collect a drug test from the defendant, but he had just used the bathroom and could not provide a sample for testing.  The probation officer directed the defendant to report to the probation office on July 16, 2020.  The defendant agreed to report as directed but did not show up or call to reschedule.

### 4. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about September 7, 2020, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On September 7, 2020, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana. The defendant initially admitted to using marijuana a couple of days before the test, "just because."
He later admitted to using methamphetamine on an ongoing basis due to stress. As a response, the defendant was continued in random substance abuse testing and treatment.

### 5. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about February 19, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On February 19, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana. The defendant admitted to using methamphetamine and marijuana approximately two days prior to the test because he was feeling depressed. The probation officer admonished him for his continued use and spoke with him at length over his choice to use and ways to avoid using in the future. The defendant stated that he would like to attend treatment. The probation officer gave him referral information to get his treatment set up.

### 6. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about March 26, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 26, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana. The defendant admitted to using marijuana as a way to cope with his life. The probation office again gave him referral information to set up his treatment, as he had not yet reported to the treatment agency.

### 7. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about April 29, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

Case 1:19-cr-00503-CMA   Document 3   Filed 09/23/21   USDC Colorado   Page 4 of 5

Vernon Nathan Lilly  
1:19CR00503-1

Petition for Warrant on Person Under Supervision  
Page 4

September 23, 2021

On April 29, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana. The defendant admitted to using methamphetamine approximately 4 days before the test and marijuana the night before the test. The defendant reported that he was still trying to get enrolled in treatment.

8.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about September 20, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On September 20, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana. The defendant admitted to using methamphetamine and marijuana approximately two days prior to the test.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*/s/ Joel R. Nelson*  
  Joel R. Nelson  
  United States Probation Officer  
  Place:   Colorado Springs  
  Date:    September 23, 2021

*/s/ Travis L. Cormaney*  
  Travis L. Cormaney  
  Supervisory United States Probation Officer  
  Place:   Colorado Springs  
  Date:    September 23, 2021

Case 1:19-cr-00503-CMA   Document 3   Filed 09/23/21   USDC Colorado   Page 5 of 5

Vernon Nathan Lilly  
1:19CR00503-1

Petition for Warrant on Person Under Supervision  
Page 5

September 23, 2021

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 4 to 10 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community.  The defendant has used controlled substances throughout his term of supervision.  This is his third time and supervision and he previously absconded in both cases, making him a risk of non-appearance.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.