CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. VERNON NATHAN LILLY                    DKT. NO. 1:19CR00503-1

## SUPERSEDING PETITION ON PERSON UNDER SUPERVISION

COMES NOW, Joel R. Nelson, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Vernon Nathan Lilly, who was placed on supervision by the Honorable Kenneth J. Gonzales, sitting in the United States District Court in Las Cruces, New Mexico, on February 17, 2015.  The defendant was sentenced to 376 days of imprisonment or time served, whichever is less, and five (5) years supervised release for an offense of Count 1, Conspiracy to Violate 21 U.S.C. § 841(b)(1)(C), and Count 2, Possession with Intent to Distribute 50 Kilograms and More of Marijuana [Document 1-1]. Supervision commenced on February 17, 2015.

On March 15, 2017, his supervised release was revoked by the Honorable Judge Kenneth J. Gonzalez, and he was sentenced to six (6) months imprisonment to be followed by three (3) years of supervised release for committing the supervision violations of Failing to Refrain from Any Unlawful Use of a Controlled Substance and Failing to Reside at and Complete a Program at a Residential Reentry Center [Document 1-2].  On May 25, 2017, supervised release commenced in the District of Colorado.

On August 6, 2019, his supervision was again revoked by the Honorable Judge Kenneth J. Gonzalez and he was sentenced to six (6) months imprisonment to be followed by two (2) years of supervised release for committing the supervision violations of Purchase, Possess, Use, or Administer a Controlled Substance, Fail to Submit to Substance Abuse Testing, Failure to Notify Probation Officer at Least 10 Days Prior to Changing Address, Committing another Federal, State, or Local Crime, and Unlawfully Possessing a Controlled Substance [Document 1-3].  On October 25, 2019, supervised release commenced in the District of Colorado, and was set to expire on October 24, 2021.

On December 4, 2019, jurisdiction was transferred to the District of Colorado and assigned to Your Honor.  As noted in the revocation judgment [Document 1-3], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:

VIOLATION(S) ALLEGED:

## 1.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about January 27, 2020, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On January 27, 2020, the defendant admitted to using marijuana over the holiday season to cope with the stress of being unemployed.  As a response, the probation officer spoke to him about his employment opportunities and directed him to participate in substance abuse testing and treatment.

## 2.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about February 19, 2020, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release. [1]

On February 19, 2020, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant initially admitted to using marijuana approximately two days prior to the test.  He also admitted to not attending his random substance abuse tests because he had been using marijuana and did not want to get a positive test.  This specimen was sent to the national laboratory for analysis and confirmation.  The national laboratory confirmed that the test was positive for marijuana and methamphetamine.  The defendant later admitted to using methamphetamine the day before the test because he was stressed out over not having a job.  As a response, the defendant was continued in random substance abuse testing and treatment.

## 3.  FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED

On or about July 13, 2020, the defendant was directed to report to the probation officer on July 16, 2020, and he failed to so report, which constitutes a Grade C violation of supervised release.

On July 13, 2020, a home contact was conducted at the defendant's residence.  The probation officer attempted to collect a drug test from the defendant, but he had just used the bathroom and could not provide a sample for testing.  The probation officer

---

[1]  The Probation Office believes that the defendant's possession and use of methamphetamine is a Grade B violation.  According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.   In *U.S. v Rodriguez*, Appellate Case No. 18-1449 (10th Cir. December 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.

directed the defendant to report to the probation office on July 16, 2020.  The defendant agreed to report as directed but did not show up or call to reschedule.

## 4.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about September 7, 2020, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On September 7, 2020, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant initially admitted to using marijuana a couple of days before the test, "just because."
He later admitted to using methamphetamine on an ongoing basis due to stress.  As a response, the defendant was continued in random substance abuse testing and treatment.

## 5.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about February 19, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On February 19, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant admitted to using methamphetamine and marijuana approximately two days prior to the test because he was feeling depressed.  The probation officer admonished him for his continued use and spoke with him at length over his choice to use and ways to avoid using in the future.  The defendant stated that he would like to attend treatment.  The probation officer gave him referral information to get his treatment set up.

## 6.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about March 26, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On March 26, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant admitted to using illegal drugs as a way to cope with his life.  The probation office again gave him referral information to set up his treatment, as he had not yet reported to the treatment agency.

7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 29, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On April 29, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant admitted to using methamphetamine approximately 4 days before the test and marijuana the night before the test.  The defendant reported that he was still trying to get enrolled in treatment.

8. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about September 20, 2021, the defendant used or administered a controlled substance, methamphetamine and marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release.

On September 20, 2021, the defendant provided a random urine sample which tested presumptive positive for the use of amphetamine and marijuana.  The defendant admitted to using methamphetamine and marijuana approximately two days prior to the test.

### RESPECTFULLY REQUESTING:

That this superseding petition replace the previously submitted petition [Document 3] and the Court considers revocation of supervision at the violation hearing based on this superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*/s/ Joel R. Nelson*
 Joel R. Nelson
 United States Probation Officer
 Place:   Colorado Springs
 Date:    January 24, 2022

*/s/ Travis L. Cormaney*
 Travis L. Cormaney
 Supervisory United States Probation Officer
 Place:   Colorado Springs
 Date:    January 24, 2022

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 6 to 12 months.