IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00503-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VERNON NATHAN LILLY,

        Defendant.

## NOTICE REGARDING SUPERVISED RELEASE VIOLATION HEARING

The defendant, Vernon Nathan Lilly ("Mr. Lilly"), by and through undersigned counsel, David Kraut, hereby respectfully submits the following information regarding the Supervised Release Violation Hearing scheduled to occur February 9, 2022.

Mr. Lilly has reviewed the Superseding Petition on Person Under Supervision ("Superseding Petition") (ECF 17) and will waive formal reading and advisement by the Court on the Superseding Petition. Mr. Lilly intends to admit to all eight alleged violations in the Superseding Petition.

Mr. Lilly has also reviewed the Supervised Release Violation Report ("Report"). ECF 18. He agrees with the advisory guideline imprisonment range as calculated by the United States Probation Office (6-12 mo. imprisonment) and does not object to any of the factual information contained within the Report.

If the Court accepts his admissions, Mr. Lilly will request a sentence of six months imprisonment, without further supervision to follow. Several aspects of the case and Mr. Lilly's

personal history and characteristics support this request. First, a new six-month prison term would bring Mr. Lilly's total combined imprisonment on this case to more than 30 months,[1] while his original guideline range was 15-21 months.[2] Though the original guideline ceiling does not serve as a limit on the total imprisonment a defendant may be required to serve in connection with a conviction, it is relevant to revocation sentencing because sanctions imposed upon revocation of supervised release are part of the penalty for the initial offense. *Johnson v. United States*, 529 U.S. 694, 700 (2000) (in light of the "serious constitutional questions that would be raised by construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release…we…attribute postconviction penalties to the original conviction.").

Second, while Mr. Lilly struggled with addiction throughout his time under supervision, he maintained full-time employment, remained honest with his probation officer, and did not commit any new crimes (other than drug possession). While certainly serious violations that warrant intervention by the United States Probation Office, Mr. Lilly's violations did not directly injure or endanger others. That said, Mr. Lilly's drug use while on supervision harmed his family by reducing his ability to function as a partner and parent and, ultimately, by removing him from the home. He recognizes the consequences of his drug use on those who rely on him and plans to use that knowledge as motivation to remain sober in the future.

To that end, Mr. Lilly, with the help of his wife, has created a concrete plan to maintain sobriety upon release.[3] He will return to work for Driveline, a third-party distributor contracted to transport and label merchandise for Dollar General. Mr. Lilly worked for Driveline for

---

[1] Mr. Lilly served 376 days prior to receiving a time-served sentence initially, and subsequently completed two separate six-month revocation sentences. *See* D. N.M. 14-cr-1665, ECF 39, 40, 60, 61, 124, 125.
[2] *See* Original Presentence Report, D. Colo. 19-cr-503-CMA, ECF 2.
[3] *See* Defense Interview Memorandum, Caroline Lilly, attached as Ex. A.

approximately eight months prior to his most recent arrest. He would return to a full-time position removing unsold merchandise from Dollar General stores, re-pricing those items, and re-stocking the shelves with new products. Of course, he was doing that work when he relapsed, so to stay sober, he will need to do more than stay busy. Through a connection formed by his wife's colleague, Mr. Lilly will attend weekly one-on-one substance abuse counseling sessions at Resada in Las Animas.[4] The third key to his long-term sobriety relates to his mental health. Mr. Lilly has done well while taking mental health medications and attending therapy in the past and he plans to reenroll in both types of treatment at Southeast Mental Health Services in Las Animas upon release. He is currently enrolled in Medicaid and will qualify for services at Southeast Mental Health.

      Finally, Mr. Lilly accepts responsibility for his violations, as he did during multiple conversations with his supervising officer prior to his arrest. Guideline § 3E1.1 does not apply to supervised release revocations, but Mr. Lilly's admissions serve some of the same functions as a guilty plea: they conserve judicial and prosecutorial resources, allow the government to focus its resources on other matters, and demonstrate Mr. Lilly's remorse and recognition of his mistakes. A sentence at or near the bottom of the guideline range would appropriately reflect those considerations as well.

---

[4] *See* https://localrehabreviews.org/colorado/las-animas/resada-region-six-alcohol-drug-abuse-co-las-animas-co/#overview (last visited Jan. 31, 2022).

For the above reasons, Mr. Lilly respectfully moves the Court to accept his admissions to the violations alleged in the Superseding Petition and resentence him to six months imprisonment, without further supervision to follow.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:    (303) 294-7002
FAX:               (303) 294-1192
Email:            David_Kraut@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022, I filed the foregoing *Notice Regarding Supervised Release Violation Hearing* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Rebecca S. Weber, Assistant United States Attorney
E-mail:  Rebecca.Weber@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Vernon Nathan Lilly (via U.S. mail)

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:	(303) 294-7002
FAX:	(303) 294-1192
Email:	David_Kraut@fd.org
Attorney for Defendant